# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION
## 1:11cr51

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) **ORDER** |
| | ) |
| VICTOR DOMINGO MARTIN, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court is the Government's Motion to Amend [# 14]. The Grand Jury charged Defendant with one Count of illegally reentering the United States after he was deported and subsequent to a conviction for the commission of a felony in violation of 8 U.S.C. § 1326(a) and (b)(1). The Government now moves to amend the Indictment to remove the reference to 8 U.S.C. § 1326(b)(1), which it contends is surplusage. In support of its motion, the Government relies on the "Federal Rules of Criminal Procedure," although it does not specify which particular Federal Rule is applicable.

Rule 7(e) provides that in certain circumstances, the Court may allow the Government to amend a criminal information. Fed. R. Crim. P. 7(e). This provision of Rule 7, however, may not be used amend an indictment. United States v. Wright, 985 F.2d 554, 1993 WL 18321, at *3 (4th Cir. 1993)

(unpublished). Moreover, the Court may only strike surplusage from an Indictment "[u]pon the defendant's motion . . . ." Fed. R. Crim. P. 7(d). "The authority of the court to strike such surplusage is to be limited to doing so on defendant's motion, in the light of the rule that the guaranty of indictment by a grand jury implies that an indictment may not be amended." Fed. R. Crim. P. 7(d) advisory committee's note. Accordingly, the Court **DENIES** the Government's Motion to Amend [# 14]. The Court **DIRECTS** counsel for the Government to refer to the Federal Rules of Criminal Procedure prior to filing motions with this Court in the future, and that any motion requesting relief should specifically state the legal authority, including the applicable Federal Rule, pursuant to which it seeks relief.

Signed: October 21, 2011

Dennis L. Howell
United States Magistrate Judge